# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Andy A. Juman, ) | |
| ) | Civil Action No.: 1:21-cv-01232-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Barry Wingfield, ) | |
| Acting Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Andy A. Juman ("Petitioner"), proceeding *pro se*, filed this Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") on April 26, 2021. (ECF No. 1.) Respondent filed a Motion for Summary Judgment (ECF No. 12), to which Petitioner filed a Response (ECF No. 15.) The Magistrate Judge issued a Report and Recommendation ("Report") on August 6, 2021, recommending the Petition be dismissed and Respondent's Motion for Summary Judgment be granted. (ECF No. 16.) The Report concludes Petitioner is not eligible for additional good time credit under D.C. Code Ann. § 24-403.01a (West 2021), because he is not serving a mandatory minimum sentence. (*Id*. at 6-7.)

For the reasons set forth below, the court **ACCEPTS** the Report (ECF No. 16), **DISMISSES** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) with prejudice, and **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 12).

## I.     RELEVANT BACKGROUND

Petitioner challenges three sentences issued by the District of Columbia Superior Court between January 27, 1986, and January 15, 1987: (1) destruction of property, for which he received a sentence of four (4) to twelve (12) months, (2) kidnapping, assault with intent to commit rape,

1

rape, and robbery, for which he was sentenced to a term of imprisonment of fifty-six (56) years to life, and (3) manslaughter, for which he was sentenced to a term of five (5) to fifteen (15) years, to be served consecutively. (ECF No. 16 at 2.) The BOP most recently recalculated Petitioner's prison sentence on June 1, 2021, finding that Petitioner's aggregate minimum term of imprisonment was sixty-one (61) years and four (4) months.[1] (*Id*. at 3 (citing ECF No. 21-2 at 7).) To date, Petitioner has accrued a total reduction of 7,350 days, including 123 days of jail credit, 7,215 days of D.C. Institutional Good Time ("IGT") and 12 days of D.C. Educational Good Time ("EGT"). (ECF No. 12-2 at 1.)

Petitioner's argument rests upon a newly enacted statute which provides retroactive relief for certain defendants serving terms of imprisonment for offenses committed before August 5, 2000. D.C. Code Ann. § 24-403.01a (West 2021). It provides in relevant part:

> (b)(1) Notwithstanding any other provision of law, a defendant who is serving a term of imprisonment for an offense committed before June 22, 1994, shall be retroactively awarded good time credit toward the service of the defendant's sentence of up to 54 days, or more if consistent with 18 U.S.C. § 3624(b), for each year of the defendant's sentence imposed by the court, subject to determination by the Bureau of Prisons that during those years the defendant has met the conditions provided in 18 U.S.C. § 3624(b).
>
> (2) An award of good time credit pursuant to paragraph (1) of this subsection:
>  (A) Shall apply to any mandatory minimum term of incarceration; and
>  (B) Is not intended to modify how the defendant is awarded good time credit toward any portion of the sentence other than the mandatory minimum.

D.C. Code Ann. § 24-403.01a (West 2021). Petitioner argues that because his sentence was imposed prior to June 22, 1994, he is entitled to a retroactive good time award of fifty-four (54) days for each year he has served.

---

[1] The Magistrate Judge noted that the Bureau of Prisons ("BOP") is now responsible for the incarceration of D.C. prisoners, but their sentences, including any reductions via good time credits, are still calculated pursuant to the D.C. Code. (ECF No. 16 at 3 (citing *Stevenson v. Mitchell*, No. 1:10-cv-2673-RMG, 2011 WL 3626545, at *1 (D.S.C. July 26, 2011)).)

The Magistrate Judge determined that Petitioner is not eligible for additional good time credits under the statute, because it applies retroactive credits only to mandatory minimum sentences for offenses committed prior to June 22, 1994. (ECF No. 16 at 5 (citing D.C. Code Ann. § 24-403.01a(b)(2)(A) (West 2021)).) Because Respondent submitted evidence which indicated Petitioner's minimum term of incarceration did not include any *mandatory* minimum sentence, the Magistrate Judge found Petitioner was ineligible for the relief sought. (ECF No. 16 at 5 (citing ECF No. 12-2 at 2 ¶ 12).) Rejecting Petitioner's unsupported claim that he was sentenced pursuant to then-mandatory Federal Sentencing Guidelines, the Magistrate Judge concluded the relief created by § 24-403.01a did not extend to Petitioner and recommended this court grant Respondent's Motion for Summary Judgment (ECF No. 12). (ECF No. 16 at 6-7.)

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III.     DISCUSSION

#### A.     Petitioner's Objections

Petitioner acknowledges the code limits relief under § 24-403.01a to those serving mandatory minimum sentences. D.C. Code Ann. § 24-403.01a(b)(2)(A) (West 2021). He objects to the Report arguing that because he was "sentenced pursuant to the mandatory Guideline Scheme 18 U.S.C. § 3553(b))," and the Superior Court required him to serve "not less than" a specified term of imprisonment for each conviction, his sentence amounts to a mandatory minimum term of imprisonment. (ECF No. 19 at 2.) Petitioner also asserts the Magistrate Judge failed to calculate the effect of the new law on his sentence.

#### B.     The Court's Review

At the outset, the court emphasizes that the statutory text leaves no room for ambiguity: defendants "serving a term of imprisonment for an offense committed before June 22, 1994" are only eligible for relief under Subsection (b) if they are serving a "mandatory minimum term of incarceration." D.C. Code Ann. § 24-403.01a(b) (West 2021). The question before the court, therefore, is whether Petitioner's sentence belongs within this category. The court first considers the history of good time and earned time credits as applied to defendants convicted under the D.C. Code.

The eligibility of incarcerated persons for "good time" sentence reductions under the D.C. Code has evolved substantially over the last few decades. A patchwork of laws, Bureau of Prisons ("BOP") policy manuals, and judicial decisions dictate conditions of good time eligibility for individuals sentenced under different laws and at different times.

Sentences entered prior to April 11, 1987 were controlled by the Old Law. Bureau of Prisons, Program Statement 5880.33 § 11, 11.2(a) (2010); *see also* Bureau of Prisons, Sentence

Computation Manual Change Notice CN-3 5880.30 (1997). The Good Time Credits Act of 1986 ("GTCA"), "intended 'to relieve prison overcrowding, to encourage prisoners to rehabilitate themselves, and, implicitly, to temper justice with mercy in those cases in which such tempering is appropriate,'" *Luck v. D.C.*, 617 A.2d 509, 511 (D.C. 1992), retroactively replaced the Old Law regime and extended eligibility for Institutional Good Time credit ("IGT") to inmates sentenced under the Old Law. 34 D.C. Reg. 484 (Jan. 23, 1987). The GTCA allowed "good time" to be credited against the prisoner's minimum *and* maximum sentence. *Id.*; D.C. Code Ann. § 24-221.03 (West 1987) ("Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody, or on parole in accordance with § 24-406, as a result of the offense for which the sentence was imposed.") However, it did not permit prisoners to earn any credits while serving the mandatory minimum portion of their sentence. 34 D.C. Reg. 484 (Jan. 23, 1987); D.C. Code § 24-434 (1987) (repealed).

On June 22, 1994, the Omnibus Criminal Justice Reform Amendment Act ("Omnibus Act") repealed the good time program established under the GTCA, such that individuals who committed offenses after that date were no longer eligible for any IGT. 41 D.C. Reg. 2608 (Aug. 20, 1994). The Omnibus Act thus created a "class of prisoners . . . [who did] not receive any good time credit at all." Prisoner & Reentry Clinic, Geo. Wash. Univ. L. Sch., *Fair Practices After Sentencing* 9 (2019), https://www.law.gwu.edu/sites/g/files/zaxdzs2351/f/downloads/GT-ETCR%20White%20Paper_%20FINAL.pdf. When the Sentencing Reform Amendment Act ("SRAA"), 47 D.C. Reg. 7249 (June 8, 2001), took effect on August 5, 2000, D.C.'s sentencing policies and sentence reduction mechanisms (including through good time and earned time) were brought under federal control. Thus, all BOP inmates, including those sentenced under the D.C. Code after this date, were eligible to receive up to fifty-four (54) days of good time credit at the

end of each year, pursuant to 18 U.S.C. 3624(b).  D.C. Code Ann. § 24–403.01(d) (West 2021).

These fluctuating sentencing policies created different rules for different classes of inmates based on the effective law at the time of sentencing.  Notably, prisoners sentenced before June 22, 1994, were not eligible for good time credits *for the mandatory minimum portion of their sentence*, while those sentenced between June 22, 1994, and August 5, 2000,  were not eligible for any good time at all.  D.C. Code Ann. § 24-403.01a(b) (West 2021) remedied this inconsistency, retroactively applying the sentence reduction provision of 18 U.S.C. 3624(b) to those prisoners sentenced before June 22, 1994 who were serving mandatory minimum sentences, and all prisoners sentenced between June 22, 1994 and August 5, 2000, who were previously ineligible for any good time credits.  This law therefore made the sentence reduction calculation pursuant to 18 U.S.C. 3624(b) more or less uniform, extending the statute-ordained fifty-four (54) days of good time per year, inclusive of any mandatory minimums, to all D.C. prisoners who otherwise met the requirements of the statute, regardless of their sentencing date.

Here, Petitioner was sentenced prior to June 22, 1994, and was thus ineligible to receive good time credits for the mandatory minimum portion of his sentence pursuant to the GTCA.  The record indicates, however, that although Petitioner's sentence included a lower minimum term, it was not a mandatory minimum sentence under the Federal Sentencing Guidelines.  (ECF No. 12-2 at 2.)  A closer look at Petitioner's current good time eligibility confirms this observation: To date, Petitioner has accrued 7,215 days of D.C. Institutional Good Time, for which he would have been ineligible for under the GTCA if he was serving a mandatory minimum sentence.  Therefore, the relief Petitioner seeks under D.C. Code Ann. § 24-403.01a(b) has already been extended to him under the GTCA.  Nothing within under D.C. Code Ann. § 24-403.01a(b) (West 2021) entitles a prisoner for an *additional* fifty-four (54) days per year in good time under 18 U.S.C. 3624(b),

when such credit has already been applied against his sentence. Petitioner's argument is therefore without merit.

Finding no clear error on the face of the record, the court denies Petitioner's Objection (ECF No. 19).

## IV.    CONCLUSION

For the reasons set forth below, the court **ACCEPTS** the Report (ECF No. 16), **DISMISSES** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) with prejudice, and **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 12).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DECLINES** to grant a certificate of appealability.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 31, 2022
Columbia, South Carolina